TOPLIFF v. ATLANTA LAND & IMP. CO.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1895.)

No. 333.

VENDOR AND VENDEE—CONSTRUCTION OF TITLE BOND.

A title bond, given by a company which held the land under a perpetual lease with right to extinguish the same on certain conditions, recited the sale as made "subject to the annual ground rent," and provided that the purchaser should pay such rent pending the discharge of his deferred purchase-money notes, whereupon, all conditions being complied with, the obligor would execute "a good and sufficient title." *Held*, that this meant a title subject to the perpetual lease, and the grantor was not bound after full payment of the purchase money to extinguish the same for the purchaser's benefit, or to pay the ground rent.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

This was a suit in equity by John A. Topliff against the Atlanta Land & Improvement Company to enjoin the prosecution by it of an action of ejectment against him, and to enforce specific performance of a bond to convey title, which complainant held by assignment from Warren B. Crosby, the obligee named therein. By amendment to the bill the Atlanta Land & Annuity Company, Paul A. Seeger, and J. S. Rosenthal were also made parties defendant. The circuit court, by its decree, refused to adopt the construction of the title bond contended for by complainant, and he thereupon took this appeal.

The Atlanta Land & Improvement Company, at the time of making the bond for title, held the land under a perpetual lease from the Atlanta Land & Annuity Company, and the point in dispute in the case was whether, after completing his payments of the purchase money, the assignee of the bond was bound to pay the ground rent, or whether the Atlanta Land & Improvement Company was bound to pay it. The parts of the bond material to this controversy were as follows:

"The condition of the above obligation is such that the above-bound body corporate hath this day sold unto the said Warren B. Crosby a certain lot or parcel of ground and premises lying and being in the city of Atlanta," etc. [Here follows the description.] "Which lot, as above described, the said body corporate hath sold unto the said Warren B. Crosby at and for the sum of thirty-five hundred dollars, subject to the annual ground rent of one hundred and ten dollars, payable semi-annually on the first of April and October, respectively, of each and every year, of which amount the said Warren B. Crosby has this day paid unto the Atlanta Land Improvement Company the sum of fifty dollars, leaving accordingly a balance due, on account of purchase money, of thirty-four hundred and fifty dollars, which said balance of purchase money it has been mutually agreed shall be payable in installments of fifty dollars on the 15th of each and every month, with interest, until the said balance of purchase money is fully and finally satisfied and paid, including interest thereon at the rate of six per cent. per annum. In settlement of which the said Crosby has this day passed over and delivered unto the said Atlanta Land Improvement Company his sixty-nine promissory notes, all of even date, each for the sum of fifty dollars, and payable at intervals of one month, with interest at six per cent., so that the last of said series of notes will become due and payable sixty-nine months from this date, with the right and privilege of anticipating payment before maturity, so as to stop interest. And it is further mutually understood and agreed between the said Warren B. Crosby and the Atlanta Land Improvement Company that, pending the payment of the said balance of purchase money in the manner aforementioned, the said Warren B. Crosby shall and will promptly pay the ground rent on the aforementioned property, as the same shall respectively fall due and become payable," etc. "It being expressly understood that time is of the essence of this agreement, and that the above conditions are conditions precedent," etc. "Now, if the said Warren B. Crosby shall well and truly pay the promissory notes as aforementioned at the times hereinbefore mentioned, and shall continue the payment of the same until the balance of purchase money owing by him shall be fully satisfied and paid, as also the interest thereon at the rate of 6 per cent. per annum, and shall perform the other conditions as above provided for, then the Atlanta Land Improvement Company is bound to execute to the said Warren B. Crosby, his legal representatives or assigns, a good and sufficient title to the above-described lot or parcel of ground and premises," etc.

### The cause was tried upon the following agreed state of facts:

For the purpose of a judicial determination of the substantial issue between the parties to the above-stated case, all the facts are hereby admitted to be such that the only question for adjudication is the proper construction of the bond for title now before the court, with respect to the obligee's liability to pay the ground rent after completing payment of the purchase money, it being admitted that the obligee and his assigns paid the ground rent pending payment of the purchase money, and refused to pay the ground rent after having paid all the purchase money. If the court shall be of opinion that said bond for title obliges the Atlanta Land Improvement Company to make to W. B. Crosby, or his assigns, a good title, without liability to the ground rent, the decree should be for the complainant Topliff. But if the court shall be of opinion that said bond for title obliges W. B. Crosby or his assigns to accept a lease for 99 years, conditioned to pay ground rent on the terms specified in the lease from the Atlanta Land & Annuity Company to the Atlanta Land Improvement Company, which lease is before the court, the decree should be for the defendants. Each of the parties saving and reserving the right to except to the decision of the court and to appeal in the mode provided by law.

### In the circuit court the following opinion was delivered by Newman, District Judge:

The sole question for determination in this case is the proper construction of the provisions of a bond for title from defendant to W. B. Crosby, complainant's assignor. An agreement between the parties is as follows: [Here fol-

lows agreed statement of facts and copy of Bond for Title, already printed.]
It will be perceived that Crosby took the land in question "subject to the annual ground rent of one hundred and ten dollars, payable semiannually on the 1st day of April and October, respectively, of each and every year." He also accepted the bond with the statement therein that the Atlanta Land Improvement Company held the land covered by the bond (as well as other adjoining lands) under a lease from the Atlanta Land & Annuity Company for 99 years. It is conceded in the agreement that Crosby took the land with this knowledge, and that he is chargeable with such knowledge. It is contended, however, as to Crosby's knowledge of the facts that this obligor only held a leasehold interest in the land, that he also had knowledge of certain provisions in this lease by which the improvement company held the land entitling that company to extinguish this lease by complying with certain named conditions, and acquire a right to a fee-simple title. And it is urged that Crosby and his assignee, Topliff, had the right to assume, under all the terms of the bond for title, that this would be done, and that, upon the payment of Crosby or his assignee of the purchase money and the ground rent during the period of the payment of the purchase money, the improvement company would take advantage of its right under the lease, and get from the annuity company a title unincumbered with ground rent, and convey the same to the holder of the bond. It is also claimed on behalf of Topliff that the clause in the bond that, "pending the payment of said balance of purchase money," Crosby shall pay the ground rent, qualifies and explains the preceding general statement that Crosby took "subject to the annual ground rent, etc.," and that the latter clause contains and is the real contract between the parties. It is entirely clear that the latter expression in the bond in no way qualifies or affects the former language. The last clause simply sets out what is (among other things) required of the obligee before he shall become entitled to a deed. It states the conditions precedent to the right to a deed, and in no way determines the kind of deed to which the obligee is entitled. The character of the whole paragraph as to purchase money, insurances, taxes, etc., as well as to ground rent, clearly indicates this. The part of the bond which must determine the kind of "good and sufficient title" to which Crosby or his assignee became entitled on compliance with the bond's condition, is the general provision as to the purchase price,—that is, $3,500,—subject to the annual ground rent of $110. The price is $3,500, subject to the annual ground rent; and clearly, in the absence of restrictive language, that sum, the annual ground rent for which the improvement company was liable to the annuity company. It being a question of price, mere details in the subsequent part of the instrument as to the manner in which the trade should be consummated, are immaterial in determining the price. The conclusion is that Topliff, as assignee of Crosby, is only entitled to a conveyance from the improvement company of the land subject to the payment of the ground rent and that a decree must be entered accordingly.

A. H. Davis, for appellant.

Alex. C. King and Jack J. Spalding, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PER CURIAM.   As the sole question presented for review in this court is the proper construction of the bond for title, and that given by the circuit court was correct, the judgment appealed from is affirmed.